# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE

WILLIAM D. FARRAH,  )
  )  C.C.A. NO. 01C01-9712-CC-00573
    Appellant,  )
  )  BEDFORD COUNTY
VS.  )  (No. 14081 Below)
  )  The Hon. William Charles Lee
STATE OF TENNESSEE,  )
  )  (Denial of Motion to Reduce Sentence)
    Appellee.  )  AFFIRMED PURSUANT TO RULE 20

FILED

March 17, 1998

Cecil W. Crowson
Appellate Court Clerk

## O R D E R

This matter is before the Court upon the state's motion requesting that the judgment in the above-styled cause be affirmed pursuant to Rule 20, Tennessee Court of Criminal Appeals Rules. Based on our review, we affirm the judgment of the trial court pursuant to Rule 20.

On March 17, 1997, the appellant pled guilty to burglary and theft. That same date, the appellant was sentenced to concurrent sentences of two years, one month, and one year, six months, respectively. On August 7, 1997, the appellant filed a Motion for the Reduction and/or Modification of Illegal Sentence Pursuant to Tenn. R. Crim. P. Rule 35(B). The motion indicates that it was submitted on July 30, 1997, and it was sent certified mail on August 5, 1997.

The trial court denied the motion on September 10, 1997, as untimely. Subsequently, the appellant filed a motion to reconsider on September 29, 1997. This motion was also denied by the trial court, who further ordered that "if the defendant's motion had been timely filed the court would have denied the defendant['s] motion without an evidentiary hearing since there has been no changes of circumstance since said judgment."

Rule 35 of the Tennessee Rules of Criminal Procedure allows a trial court to reduce a sentence for a defendant sentenced to the Tennessee Department of Correction, but a motion to the court to reduce the sentence under Rule 35 must be filed within 120 days after the date the sentence is imposed. The Rule specifically provides that "[no] extension shall be allowed on the time limitation." and "[n]o other actions shall toll the running of this time limitation."

The appellant was sentenced on March 17, 1997, therefore, a motion to correct or reduce the sentence had to be filed by July 15, 1997. Thus, even if the Court accepts that the appellant delivered his motion to the appropriate individual at the correctional facility on July 30, 1997, <u>see</u> T.R.A.P. 20(a), the appellant's motion was not timely. Accordingly, we find that the trial court held correctly that the motion under Rule 35 was not timely, and it is unnecessary for this Court to address the appellant's other issues.

IT IS, THEREFORE, ORDERED that the state's motion to affirm the judgment of the trial court pursuant to Rule 20, Tennessee Court of Criminal Appeals Rules is granted and the judgment of the trial court is affirmed. The appellant being indigent, costs are taxed to the state.

ENTER, this the _____ day of March, 1998.

_____
THOMAS T. WOODALL, JUDGE

CONCUR:

_____
DAVID H. WELLES, JUDGE


_____
JERRY L. SMITH, JUDGE